IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES WILBORN, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| DEKALB COUNTY JAIL; et al., | :: | CIVIL ACTION NO. |
|    Defendants. | :: | 1:15-CV-4153-WSD-RGV |

**NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff James Wilborn, presently confined in the DeKalb County Jail in Decatur, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 6]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening of the amended complaint, [Doc. 3].[1] For the reasons that follow, it is **RECOMMENDED** that plaintiff's excessive force claims against Lieutenant Graham and Officer Dozier be allowed to proceed, but that his medical deliberate indifference claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and that the DeKalb County Jail and Sheriff Jeffrey Mann be **DISMISSED** as defendants in this action.

---

[1] "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

## I.  LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983").  Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either:  (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also

2

Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. DISCUSSION

Plaintiff brings this action against the DeKalb County Jail, Sheriff Jeffrey Mann, Lieutenant Graham, and Officer Dozier. [Doc. 3 at 1, 3]. Plaintiff makes the following pertinent allegations against the named defendants. First, plaintiff asserts that, on April 25, 2014, Officer Dozier unjustifiably attacked plaintiff while plaintiff was handcuffed. [Id. at 3-4, 6]. Specifically, plaintiff maintains that Officer Dozier "snatched" plaintiff, choked him, and "rammed" his head against a concrete wall. [Id. at 4, 6]. Next, plaintiff claims that Lieutenant Graham twice tased plaintiff without

3

reason while plaintiff "was soaking wet." [Id. at 7-8]. Lastly, plaintiff alleges that he "was denied proper medical attention and therapy" and never received the results of an x-ray. [Id. at 9]. Plaintiff seeks monetary relief.[2] [Id. at 4].

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). The DeKalb County Jail is not a legal entity subject to suit under § 1983. Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam). Additionally, plaintiff fails to state a claim against Sheriff Mann because he has made no specific factual allegations against the sheriff, see Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted), and because respondeat superior is an insufficient basis for § 1983 liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

---

[2] Plaintiff also asks the Court to order that criminal charges be filed against Lieutenant Graham and another officer who is not named as a defendant in this action. [Doc. 1 at 4]. However, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (per curiam).

"A jailor's use of force against a pretrial detainee is excessive under the Fourteenth Amendment if it 'shocks the conscience.'" Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009) (per curiam) (citation omitted).

> The use of force does not "shock the conscience" if it is applied "in a good-faith effort to maintain or restore discipline." . . . However, if force is applied "maliciously and sadistically to cause harm," then it does "shock the conscience," and is excessive under the Eighth or Fourteenth Amendments. . . .

Id. (citations omitted). Plaintiff's allegation, which must be accepted as true at this stage of the proceedings, that Officer Dozier unjustifiably used force against him while plaintiff was handcuffed sufficiently states a plausible excessive force claim to withstand frivolity review. See Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain. . . . The use of force must stop when the need for it to maintain or restore discipline no longer exists." (citation omitted)). Similarly, plaintiff's assertion that Lieutenant Graham twice tased plaintiff without reason also sufficiently states a plausible excessive force claim to withstand frivolity review. See Council v. Sutton, 366 F. App'x 31, 36-37 (11th Cir. 2010) (per curiam) (finding use of taser on detainee excessive where circumstances of incident indicated that force

5

was unnecessary and jail officials acted "maliciously and sadistically for the very purpose of causing [detainee] harm").

Finally, plaintiff fails to state a medical deliberate indifference claim because he has not alleged facts to show that: (1) he had "a serious medical need"; (2) that any of the named defendants acted with "deliberate indifference to that need"; and (3) "causation between that indifference and the plaintiff's injury." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (citation omitted).

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the DeKalb County Jail and Sheriff Jeffrey Mann be **DISMISSED** as defendants in this action, that plaintiff's excessive force claims against Lieutenant Graham and Officer Dozier be allowed to proceed, but that his medical deliberate indifference claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**SO RECOMMENDED**, this 18th day of December, 2015.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE