IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES WILBORN, | |
| Plaintiff, | |
| v. | 1:15-cv-4153-WSD-RGV |
| DEKALB COUNTY JAIL, SHERIFF JEFRREY MANN, LT. GRAHAM, OFFICER DOZIER, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Non-Final Report and Recommendation [7] ("R&R"), recommending that Defendants DeKalb County Jail and Sheriff Jeffrey Mann be dismissed as defendants in this action, that Plaintiff James Wilborn's ("Plaintiff") excessive force claims be allowed to proceed, and that Plaintiff's deliberate medical indifference claim be dismissed.

**I.   BACKGROUND**

On November 22, 2015, Plaintiff, a prisoner, proceeding *pro se*, filed his Complaint [1] in the form of a one-page handwritten letter.  On December 2, 2015, the Magistrate Judge ordered [2] Plaintiff to file an amended complaint.  Shortly

thereafter, Plaintiff filed his amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 [3] ("Amended Complaint"), naming as defendants DeKalb County Jail, Sheriff Jeffrey Mann, Lieutenant Graham, and Officer Dozier. Plaintiff alleges that, on April 25, 2014, while he was handcuffed, Officer Dozier "snatched" him, choked him, and "rammed" his head against a concrete wall. ([3] at 4, 6). Plaintiff also claims that Lieutenant Graham twice tased him, without reason, while Plaintiff "was soaking wet." ([3] at 7-8). Plaintiff claims further that he "was denied proper medical attention and therapy" and never received the results of an x-ray. ([3] at 9). Plaintiff seeks monetary relief. ([3] at 4).

On December 18, 2015, the Magistrate Judge screened Plaintiff's Amended Complaint and issued his R&R, recommending that Defendants DeKalb County Jail and Sheriff Jeffrey Mann be dismissed as defendants in this action, that Plaintiff's excessive force claims be allowed to proceed, and that Plaintiff's deliberate medical indifference claim be dismissed. Plaintiff did not file objections to the R&R.

## II.   LEGAL STANDARDS

### A.   Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26,

28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Plaintiff has not filed objections to the R&R, and the Court thus reviews it for plain error.

**III.    DISCUSSION**

"A jailor's use of force against a pretrial detainee is excessive under the Fourteenth Amendment if it 'shocks the conscience.'" Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009) (per curiam) (quoting Danley v. Allen, 540 F.3d 1298, 1307 (11th Cir. 2008)). "The use of force does not 'shock the conscience' if

it is applied 'in a good-faith effort to maintain or restore discipline.' . . . However, if force is applied 'maliciously and sadistically to cause harm,' then it does 'shock the conscience,' and is excessive under the Eighth or Fourteenth Amendments." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).  To determine whether a violation occurred, courts consider "a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response."  Id.

Plaintiff alleges that, on April 25, 2014, while Plaintiff was handcuffed, Officer Dozier "snatched" him, choked him, and "rammed" his head against a concrete wall.  ([3] at 4, 6).  Plaintiff also alleges that Lieutenant Graham twice tased him, without reason, while Plaintiff "was soaking wet," once while he was in the shower.  ([3] at 7-8).  Nothing in Plaintiff's Amended Complaint suggests that this force was necessary.  The Magistrate Judge found that Plaintiff's allegations, which at this stage must be accepted as true, state an excessive force claim sufficient to withstand frivolity review.  The Court finds no plain error in this conclusion.  See Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no

object but to inflict pain. . . .  The use of force must stop when the need for it to maintain or restore discipline no longer exists.")

Plaintiff also asserts a deliberate medical indifference claim.  The Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Wallace v. Hammontree, 615 F. App'x 666, 667 (11th Cir. 2015) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  To establish deliberate indifference, a plaintiff must establish "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009).  A defendant is deliberately indifferent only if he subjectively knew of a risk of serious harm and disregarded that risk by conduct beyond gross negligence. Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1317 (11th Cir. 2010).  The defendant's conduct must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see Wallace, 615 F. App'x at 667.

Plaintiff alleges that he "was denied proper medical attention and therapy"

6

and never received the results of an x-ray.  ([3] at 9).  The Magistrate Judge found that these allegations are insufficient, and recommends dismissing Plaintiff's claim for deliberate medical indifference.  The Court finds no plain error in this determination and recommendation.

The Magistrate Judge found that Defendants DeKalb County Jail and Sheriff Jeffrey Mann should be dismissed from this action because DeKalb County Jail is not a legal entity subject to suit under section 1983, and Plaintiff does not offer specific allegations against Sheriff Jeffrey Mann.  The Court finds no plain error in these determinations.  See Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam) ("Thomas County Jail is not an entity capable of being sued under Georgia law."); Lovelace v. Dekalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) ("The capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (quoting Fed. R. Civ. P. 17(b)); see Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Non-Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants DeKalb County Jail and Sheriff Jeffrey Mann are **DISMISSED** as defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate medical indifference claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's excessive force claims against Lieutenant Graham and Officer Dozier are **ALLOWED TO PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, at all times during the pendency of this action, keep the Court advised of his current address.  Failure to do so may result in dismissal of this action.

**IT IS FURTHER ORDERED** that this action is returned to the Magistrate Judge for further proceedings, including the issuance of an Order regarding service of process.

**SO ORDERED** this 4th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

8