# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JAMES WILBORN,

   **Plaintiff,**

v.              1:15-cv-4153-WSD

LT. GRAHAM and OFFICER DOZIER,

   **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("Final R&R") [32] recommending granting Lieutenant Graham's Motion for Summary Judgment [25]. The Magistrate Judge also recommends dismissing Plaintiff's claims against Officer Dozier for lack of service of process.

## I. BACKGROUND[1]

On November 22, 2015, Plaintiff, a prisoner, proceeding *pro se*, filed his Complaint [1] in the form of a one-page handwritten letter. On December 2, 2015, the Magistrate Judge ordered [2] Plaintiff to file an amended complaint. Shortly

---

[1] The parties have not objected to the facts set out in the Final R&R, and finding no plain error, the Court adopts them.

thereafter, Plaintiff filed his amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 [3] ("Amended Complaint"), naming DeKalb County Jail, Sheriff Jeffrey Mann, Lieutenant Graham, and Officer Dozier as defendants.  Plaintiff alleges that, on April 25, 2014, while he was handcuffed, Officer Dozier "snatched" him, choked him, and "rammed" his head against a concrete wall.  ([3] at 4, 6).  Plaintiff also claims that Lieutenant Graham twice tased him, without reason, while Plaintiff "was soaking wet."  ([3] at 7-8).  Plaintiff claims that he "was denied proper medical attention and therapy" and never received the results of an x-ray.  ([3] at 9).  Plaintiff seeks monetary relief.  ([3] at 4).

On December 18, 2015, the Magistrate Judge screened Plaintiff's Amended Complaint and issued a Non-Final Report and Recommendation [7] ("Non-Final R&R"), recommending that Defendants DeKalb County Jail and Sherriff Jeffrey Mann be dismissed as defendants in the action, that Plaintiff's excessive force claims be allowed to proceed, and that Plaintiff's deliberate medical indifference claim be dismissed.  On October 4, 2016, the Court adopted the Magistrate Judge's Non-Final R&R.  On October 6, 2016, the Magistrate Judge entered an order [13] directing service on defendants.  Defendant Officer Dozier did not return the executed Waiver of Service form he was served.  Defendant Officer Dozier is no longer employed by DeKalb County and no forwarding address for him was

provided. ([21]). On February 28, 2017, the Court entered an order directing Plaintiff to provide, within twenty-one days, a valid address for Officer Dozier. ([24] at 2).

On March 21, 2017, Defendant Lieutenant Graham filed his Motion for Summary Judgment alleging that he is entitled to qualified immunity. ([25.1] at 2). On April 19, 2017, Defendant Lieutenant Graham filed his Statement of Material Facts [30] in support of his Summary Judgment Motion. On May 2, 2017, Plaintiff filed his Response to Statement of Material Facts [31] ("Response"), which the Magistrate Judge has construed as a response in opposition to Lieutenant Graham's motion for summary judgment. ([32] at 1).

On May 19, 2017, the Magistrate Judge issued his Final R&R. The Magistrate Judge recommended granting Defendant Lieutenant Graham's Summary Judgment Motion on Plaintiff's excessive force claim because Defendant Graham is entitled to qualified immunity. ([32] at 7-10). The Magistrate Judge also recommended dismissing Plaintiff's excessive force claim against Defendant Officer Dozier because of lack of service of process. ([32] at 12-13). No objections to the Final R&R have been filed.

3

## II. LEGAL STANDARD

### A. Review of Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. *Pro se* Pleading Standard

Plaintiff filed his Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se*

complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

  C. Summary Judgment Standard

  Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

  "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those

facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quotations omitted).

## III. DISCUSSION

### A. Defendant Lieutenant Graham's Summary Judgment Motion

The Magistrate Judge found that Plaintiff's § 1983 claim for excessive force against Defendant Lieutenant Graham fails because Defendant Lieutenant Graham is entitled to qualified immunity. ([32] at 7). To obtain qualified immunity, the official first must show that he was acting within the scope of his discretionary authority when the alleged unconstitutional events occurred. Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 (11th Cir. 2010). Where the official does so, the plaintiff then must satisfy a two-part inquiry to defeat qualified immunity. Pearson v. Callahan, 555 U.S. 223, 231, 236 (2009). First, the plaintiff's allegations must establish a constitutional violation. Brown, 608 F.3d at 734. Second, the plaintiff must show the right violated was clearly established at the time the official acted. Id.

The Magistrate Judge found that is "undisputed that Lieutenant Graham acted within the scope of his discretionary authority at all material times." ([32] at 8). The Magistrate also found that "the undisputed evidence in the case" showed "force was necessary because the plaintiff refused to comply with verbal commands and displayed aggressive and hostile behavior by removing his clothing, wetting his body, pacing the dayroom, clinching his fists, creaming

profanity, and kicking the dayroom door." ([32] at 9). The Magistrate Judge concluded that "there is no genuine issue for trial, and the force used by Lieutenant Graham was objectively reasonable and not excessive." ([32] at 10). The Court finds no plain error in the Magistrate Judge's conclusion.

B.  Service on Defendant Officer Dozier

The Magistrate Judge also found that Defendant Officer Dozier was not properly served and that Plaintiff's claims against him must be dismissed. Defendant Officer Dozier did not waive service, and the U.S. Marshals Service was unable to serve him because he is no longer employed by DeKalb County and no forwarding address exists. ([21]). On February 28, 2017, the Magistrate Judge ordered ("February 28, 2017, Order") Plaintiff to provide a valid address within twenty-one days. ([24] at 2). The Magistrate Judge advised plaintiff that failure to timely respond may result in the dismissal of his claim against Defendant Officer Dozier. (Id.). More than twenty-one days has passed, and Plaintiff has not provided a valid address or otherwise responded to the Magistrate's February 28, 2017 Order. ([32] at 11).

At the time Plaintiff filed his action, Rule 4(m) of the Federal Rules of Civil Procedure provided that a "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against that defendant . . . ." The Magistrate Judge concluded that more than 120 days had passed since the court authorized the issuance of the summons and service of the complaint, and thus the Magistrate Judge recommends dismissing Plaintiff's claims against Defendant Officer Dozier. ([32] at 12). The Court holds the Magistrate Judge did not err in his determination.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [32] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Lieutenant Graham's Motion for Summary Judgment [25] is **GRANTED**.

**IT IS FURTHER ORDERD** that Plaintiff's claims against Defendant Officer Dozier are **DISMISSED WITHOUT PREJUDICE** for lack of service of process.

**SO ORDERED** this 4th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE